```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


ONKAR SANGHA,                     :
                                  :     Civil Action No. 09-4699 (RBK)
              Petitioner,         :
                                  :
         v.                       :     **OPINION and ORDER**
                                  :
WARDEN,                           :
Fort Dix Federal Institution,     :
                                  :
              Respondent.         :     **CLOSED**
```

This matter is before the Court pursuant to the filing of a Letter [9] request by Counsel for Respondent to dismiss this matter as moot. Petitioner has not responded to the Letter request.

It appearing that:

1. Petitioner filed a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the calculation of his federal criminal sentence. He asked for credit for time spent in custody in Canada prior to his extradition to the United States. He asserted a right to release on a date earlier than that calculated by the Bureau of Prisons.

2. During the pendency of this matter, the BOP recalculated Petitioner's sentence, granting him certain other credits, and Petitioner was released from BOP custody on his criminal sentence on March 26, 2010. He is now in the custody of United States immigration authorities and is confined at Monmouth

County Correctional Institution at Freehold, New Jersey, in connection with immigration proceedings.

3. Federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy. <u>DeFunis v. Odegaard</u>, 416 U.S. 312, 316 (1974). The "case or controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a personal stake in the outcome of the lawsuit." <u>Lewis v. Cont'l Bank Corp.</u>, 494 U.S. 472, 477-78 (1990). A live case or controversy may become moot if (1) the alleged violation has ceased and there is no reasonable expectation that it will recur, and (2) "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." <u>County of Los Angeles v. Davis</u>, 440 U.S. 625, 631 (1979).

4. Here, Petitioner has been released from custody on his criminal sentence, the only relief he requested. Accordingly, the Petition has become moot and must be dismissed. <u>See</u>, <u>e.g.</u>, <u>Williams v. Sherman</u>, 214 Fed.Appx. 264, 2007 WL 295252 (3d Cir. Feb. 1, 2007) (prisoner's release from custody renders habeas petition moot; any delayed completion of supervised release due to alleged wrongful calculation of sentence could not have been redressed by a favorable judicial decision and thus did not constitute a collateral consequence or controversy persisting beyond expiration of sentence); <u>Tavares v. Attorney General</u>, 211

Fed.Appx. 127, 128 n.1, 2007 WL 28255 (3d Cir. 2007) (affirming District Court's dismissal of challenge to detention, as moot, upon release of detainee); Ali v. Cangemi, 419 F.3d 722 (8th Cir. 2005); Riley v. INS, 310 F.3d 1253, 1256-47 (10th Cir. 2002). See also Spencer v. Kemna, 523 U.S. 1, 7 (1998) (an incarcerated inmate's challenge to validity of parole revocation became moot upon release from prison and expiration of term of imprisonment).

IT IS, therefore, on this  14th  day of  May , 2010,

ORDERED that the Letter [9] request to Dismiss is GRANTED; and it is further

ORDERED that the Petition is DISMISSED as MOOT; and it is further

ORDERED that the Clerk of the Court shall close the Court's file in this matter.

s/Robert B. Kugler  
Robert B. Kugler  
United States District Judge